# EXHIBIT A

1  **Vanessa C. Moss, Attorney-at-Law**
2  177 N. Church Ave., Ste. 200 Tucson, AZ  85701
   Ph: (520) 388-1003   Fax: (520) 314-4137
3  E-mail: themosslawfirm@gmail.com
   State Bar No. 021560
4  P.C.C. No. 65851

3-28-13

19 MAR 28 PM 7:10

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF PIMA**

No. **C20131683**

MICHAEL MCHUGH,
Plaintiff,

**COMPLAINT**

(Non-Motor Vehicle Tort)

v.

PIMA COUNTY, ARIZONA; PIMA COUNTY SHERIFF'S DEPARTMENT; SHERIFF CLARENCE DUPNIK; MARSHA FOWLER, RN; ANDREA BERRIOS, MA; KATHY RICHEY, RN; GWEN LEMKE, MA; RAMON TAPIA, MA; ROMONA YUBETA, RN; JOHN REAM, RN; ELLINOR PROCTOR, RN; KEVIN CONDON, RN; CATHY KOHLER, RN; ELISA L. NAVARRO PCSD#5594; ALONZO VILLA JR. PCSD #5766; ROBERT K. CHATFIELD PCSD #6250; JARROD W. NIELSON PCSD #4678; FRANCISCO B. VASQUEZ PCSD#3395; MICHELLE L. MITCHELL PCSD#7124; ARMANDO



Charles Harrington

| | |
|---|---|
| 1  ENCINAS PCSD #4498; STEVEN R. | |
| 2  STREET PCSD#2293; GUADALUPE V. | |
| 3  BORBOA PCSD #4565; SHARON | The Honorable _____ |
| 4  ESPINOZA PCSD#6437 ;GERALD D. | |
| 5  AUSTIN PCSD #6512;IAN R. | |
| 6  BURRUATO PCSD #7105;TODD T. | |
| 7  MATTAS PCSD #3523;ROBERT L. | |
| 8  PHILLIPS PCSD#3766;CARY W. TEAL | |
| 9  PCSD #7133; CITY OF TUCSON; | |
| 10 TUCSON POLICE DEPARTMENT; | |
| 11 TPD CHIEF ROBERTO VILLASENOR; | |
| 12 OFC. ELKINS TPD#52777; OFC. | |
| 13 KACZINSKI TPD#32266; OFC. | |
| 14 HUMPHRIES TPD#40358; OFC.KIDD | |
| 15 TPD#52933; OFC. GALVAN TPD# | |
| 16 43045; OFC. DICKINSON TPD#42393; | |
| 17 OFC. HEARN TPD#50454; OFC. | |
| 18 OLIVES TPD#45662; OFC. | |
| 19 ATCHINSON TPD# 35638; OFC. | |
| 20 HAYNES TPD#41537; OFC.VAN | |
| 21 NORMAN TPD# 31575; ALL SPOUSES | |
| 22 THEREOF; CONMED HEALTHCARE | |
| 23 MANAGEMENT, AND OWNER AND | |
| 24 OPERATOR THEREOF; JOHN & | |
| 25 JANE DOES, 1-50, | |
| 26 | |
| 27           **Defendants.** | |
| 28 | |

COMES NOW the Plaintiff Michael McHugh, for his cause of action, and on information and belief, hereby alleges that the listed defendants were negligent and/or reckless and/or malicious and/or acted with extreme and/or unreasonable disregard for his health, safety, happiness, welfare and constitutional rights when he was in the custody Pima County Sheriff's Deputies and Corrections Officers and other staff at the Pima County Adult Detention Center, who caused medical issues including severe dehydration and resulting liver and kidney damage and other serious physical impairments, and prevented access to medical care and/or failed to provide medical care which they had a duty to provide, and also assaulted the Plaintiff and otherwise subjected him to severe emotional distress, physical pain, suffering, harm and risk of harm, humiliation, to be delineated specifically as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this action under tort and negligence theories.

2. All of the material acts and events alleged herein occurred in Pima County, State of Arizona;

3. All relevant times, the defendants named herein were employed or contracted by Pima County, State of Arizona and were acting in their capacity as employees and/or agents (including contractors) for Pima County and for the Pima County Sheriff's Department, tasked with serving, supporting and enhancing the mission and/or executing some or all responsibilities of the foregoing entities;

4. At all relevant times, the Plaintiff was a resident of Pima County, State of Arizona.

5. Pima County/Sheriff Dupnik is responsible via *respondeat superior,* derivative liability, any and all other applicable legal principles, for the torts and Constitutional violations of the listed deputies and or other defendants who were and are employed by him or contracted for work by him or work under his authority and/or supervision, whether direct or indirect.

6. Negligence by Pima County/ and Pima County Sheriff Clarence Dupnik caused or contributed to the tortious acts and constitutional violations by the listed deputies and defendants.

7. The injuries to the Plaintiff were proximately caused by the Defendants, as delineated herein and to be supplemented as discovery proceeds.

**FACTUAL ALLEGATIONS**

-4-

1. On or about March 29, 2012 (per TPD incident # 1203290679), at about 6:15 PM, Plaintiff Michael McHugh was contacted by and taken into custody by the listed Tucson Police Department officers/defendants, who operate under the auspices and authority of the City of Tucson and the Tucson Police Department ("TPD").

2. The TPD defendants took the Plaintiff to a police station believed to be at 270 S. Stone Avenue in Tucson, where he was held and intermittently interrogated until about 2:30 AM on March 30, 2013.

3. While being held, Mr. McHugh indicated thirst and asked for water several times and this request was not accommodated by the officers.

4. On or about 3:00 a.m. on March 30, the TPD officer/defendants transported Mr. McHugh to the Pima County Adult Detention Center (hereinafter "the jail" or "PCADC") and rendered him into the custody and control of Pima Sheriff Clarence Dupnik and his agents, including the listed defendant deputies, corrections officers and staffers.

5. While in the PCADC "booking area" from approximately 3:00 a.m. to 4 a.m. on March 30, 2012, Mr. McHugh displayed signs of medical distress that would have been obvious to a reasonable person; including but not limited to the facts that he was grimacing, hunching over in visible anguish, flushed and sweating, and later pale and unable to sweat; visibly weak, and he also vomited and/or retched and/or appeared

to be experiencing symptoms of vomiting/"dry-heaving," thus exhibiting signs of dehydration or other medical distress. He also verbally indicated his pain, discomfort, distress and alarm.

6. The Plaintiff was brought to "Medical," where he informed the defendants of extreme thirst, nausea, lower back pain, and respiratory distress; dry-heaving; dizziness and light-headedness; the treatment provided by the listed defendants including Lemke consisted of giving him a plastic to throw up into.

7. The Plaintiff was then returned to the booking area without further treatment and without water being provided at "Medical."

8. At about 6:30 a.m., Mr. McHugh was brought to a holding cell with a water fountain, whereupon he drank from it repeatedly and was also visibly heaving and retching. He also spoke with an as yet unidentified staff member who may have been a nurse, to whom he reiterated his symptoms.

9. At about 10 a.m., Mr. McHugh was taken to a cell with no access to water, and began to display extreme distress, and apparently confused

and/or delusional behavior that would reasonably be associated with serious dehydration, and/or extreme pain or stress.

10. Experiencing extreme discomfort and signs of physical danger to his health and welfare, the Plaintiff was yelling, banging on the door and window, and otherwise desperately seeking help from the defendants, and help was not provided.

11. At about 11:30 am, Defendant Street entered the cell with two or more corrections officers whose identities are as yet unknown (but who will be added to the defendant list to replace "John Does" if they are not already present in the caption.)

12. Sgt. Street verbally abused Mr. McHugh and shoved him up against the wall of the cell, causing pain, fear and injury.

13. At about 12:25 a.m. on March 30, after unnecessary delay, the Plaintiff was released from the jail.

14. On March 31, 2012, Mr. Mchugh was admitted into UMC Hospital in Tucson, where he was treated for liver and kidney damage and other medical impairments resulting from extreme dehydration.

15. The Plaintiff was released from the hospital on or about April 5, 2012.

16. During the course of his confinement at PCADC, the Plaintiff experienced extreme discomfort, pain, fear, anguish, humiliation and distress.

17. The above-listed physical affects continued throughout his stay at the hospital although the extreme fear was somewhat mitigated once he was in medical hands, and the other symptoms gradually reduced during his hospital stay.

18. The Plaintiff continues through present to suffer physical, mental, and emotional discomfort and distress due to the actions and inactions of the Defendants, as described herein and to be supplemented as discover proceeds.

19. On or about September 26, 2012, which is 180 days or more before March 30, 2013, the Plaintiff timely served upon the necessary listed defendants a Notice of Claim pursuant to A.R.S. § 12-821.01.

-8-

## LEGAL THEORIES/COUNTS/CLAIMS

20. The following is based upon and incorporates by reference the foregoing factual allegations, etc.

21. Sheriff Dupnik, Pima County and the other listed officer defendants are responsible for and owe a duty of care to the people including inmates and arrestees who are in their custody and control at the jail/PCADC and elsewhere, and are responsible for the welfare of the inmates; this duty to be consistent with the standard of care for the relevant community.

22. The staff at the jail, whether medical contractors or employees, owe a duty of care to include providing proper medical treatment, whether directly or indirectly, per existing standards in the relevant community for any inmates submitted to their examination, care, control, or custody.

23. Defendant Clarence Dupnik had a duty to properly train and supervise the deputies, and that the foregoing wrongful actions of the listed Defendants resulted from negligent training and/or negligent supervision by defendant Clarence Dupnik and Pima County.

24. Alternately or additionally, the actions of the PCSD-employed and contracted defendants were undertaken pursuant to Clarence Dupnik's policies and procedures.

-9-

25. Clarence Dupnik is negligent in that he knew or should have known of the potential or likelihood of negligence and/or misconduct by the listed defendants under his employ and control.

26. Clarence Dupnik is responsible via *respondeat superior*, derivative liability, and all applicable legal principles, for the torts and Constitutional violations of the listed deputies.

27. Defendant Dupnik is directly responsible and responsible *respondeat superior*, derivative liability, and all applicable legal principles, for the Pima County Adult Detention Center, and the medical care or lack thereof with regard to the Plaintiff.

28. Clarence Dupnik is responsible for the inadequate medical treatment and overall lack of care during the Plaintiff's incarceration.

29. The Plaintiff's injuries have been caused, aggravated or increased as a direct and/or proximate result of negligence by Clarence Dupnik.

30. The duties listed herein were breached when Mr. McHugh did not receive proper medical attention and overall care for the above-listed injuries/problems, while in the custody of the Pima County Sheriff's Department and did not receive timely or adequate water nor sufficient access to water.

31. This lack of attention to his obvious medical, physical and mental distress caused severe pain, discomfort, physical and psychological damage to Mr. McHugh.

32. Specifically, the listed Defendants, including officers, jail staff and/or contractors working at PCADC not only failed to allow Mr. McHugh access to hydration and medical care, but they also confined/detained

-10-

him such that he himself could not access water and medical care or seek proper assistance or treatment of any kind.

33. The above duties were further breached, and an intentional tort was committed, when Defendant Street and two or more accomplice CO's assaulted Mr. McHugh in a holding cell at the jail, by pushing him into or towards a wall as he expressed his symptoms and distress, which increased his suffering, and which comprised malicious behavior committed with an evil mind.

34. Mr. McHugh was at UMC for 5 days being treated for the injuries suffered while in TPD and jail/sheriff's custody and control, and was discharged from UMC on April 5, 2012.

35. The Defendant/s were guilty of one or more of the following tortious acts and/or omissions, as well as acts or omissions to be ascertained through relevant discovery, which were the proximate cause of injuries to the Plaintiff, on or about March 30, 2012:

36. The foregoing actions and inactions of the Defendants constitute a breach of a duty of care and/or intentional wrongdoing or reckless disregard, and are the cause of Plaintiff's injuries and damages, comprising the following tortious counts:

I. Negligence (failure to provide proper medical care; deprivation of necessities for reasonable welfare);

II. Assault;

-11-

III. Battery;

IV. Cruel and unusual punishment per confinement conditions;

V. Intentional infliction of emotional distress;

VI. Negligent infliction of emotional distress;

VIII. Malpractice;

VIIII. Deliberate indifference

X. False Imprisonment

XI. Any and all other torts as suggested by the facts herein or through further discovery process and research.

**CONCLUSION**

Whereupon the Plaintiff prays for judgment against the Defendants, each and every, as follows:

1. A judgment in favor of the Defendant;

2. For compensatory damages in such an amount as will reasonably and adequately compensate Plaintiff for his injuries, pain and suffering, past medical expenses, future medical expenses, loss of enjoyment of life and such other expenses and damages as the Court deems appropriate.

-12-

4. For an award of punitive and/or exemplary damages against the defendants.

5. For costs of this suit legally and necessarily incurred in the pursuit of this action. including expert fees under 42 U.S.C.A. § 1988.

6. For attorney's fees as applicable, and especially as pursuant to A.R.S. section 12-341.01(c) and 12-349 should this suit be defended without substantial justification.

7. For any and all relief whether as listed above or further relief as this Court deems just and proper under the circumstances, in an amount no less than $750,000.

RESPECTFULLY SUBMITTED this 28th day of MAR, 2013,

Vanessa C. Moss
Attorney for Plaintiff Michael McHugh

Filed this 28th day of MAR, 2013,
Pima County Superior Court

Served by US Mail to:

Pima County Attorney,
Civil Division
32 N. Stone Ave

-13-

1 | Tucson, AZ 85701

4

3-28-13

1  VANESSA C. MOSS, Attorney-At-Law
   177 N. Church Ave, #200   Tucson, AZ   85701
2  Ph: (520) 388-1003    Cell: (520) 465-4570
   Fax: (520) 314-4137    E-mail:themosslawfirm@gmail.com
3  State Bar No. 021560   P.C.C. No. 65851

13 MAR 28 PM 7:10

LAURA TENENHOLTZ

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

MICHAEL MCHUGH, a single man,

Plaintiff,

vs.

PIMA COUNTY, ARIZONA; PIMA COUNTY SHERIFF'S DEPARTMENT; SHERIFF CLARENCE DUPNIK; MARSHA FOWLER, RN; ANDREA BERRIOS, MA; KATHY RICHEY, RN; GWEN LEMKE, MA; RAMON TAPIA, MA; ROMONA YUBETA, RN; JOHN REAM, RN; ELLINOR PROCTOR, RN; KEVIN CONDON, RN; CATHY KOHLER, RN; ELISA L. NAVARRO PCSD#5594; ALONZO VILLA JR. PCSD #5766; ROBERT K. CHATFIELD PCSD #6250; JARROD W. NIELSON PCSD #4678; FRANCISCO B. VASQUEZ PCSD#3395; MICHELLE L. MITCHELL PCSD#7124; ARMANDO ENCINAS PCSD #4498; STEVEN R. STREET PCSD#2293; GUADALUPE V. BORBOA PCSD #4565; SHARON ESPINOZA PCSD#6437 ;GERALD D. AUSTIN PCSD #6512;IAN R. BURRUATO PCSD #7105;TODD T. MATTAS PCSD #3523;ROBERT L. PHILLIPS PCSD#3766;CARY W. TEAL PCSD #7133; CITY OF TUCSON; TUCSON POLICE DEPARTMENT; TPD CHIEF ROBERTO VILLASENOR; OFC. ELKINS TPD#52777; OFC. KACZINSKI TPD#32266; OFC. HUMPHRIES TPD#40358; OFC.KIDD

Case No. **C20131683**

**CERTIFICATE OF COMPULSORY ARBITRATION**

Assigned to the Honorable Charles Harrington

-1-

|   |   |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | TPD#52933; OFC. GALVAN TPD# 43045; OFC. DICKINSON TPD#42393; OFC. HEARN TPD#50454; OFC. OLIVES TPD#45662; OFC. ATCHINSON TPD# 35638; OFC. HAYNES TPD#41537; OFC.VAN NORMAN TPD# 31575;JOYCE PRITCHARD;RANDIE VIETTI; ALL SPOUSES THEREOF; CONMED HEALTHCARE MANAGEMENT, AND OWNER AND OPERATOR THEREOF; JOHN & JANE DOES, 1-50,<br><br>Defendants. |

Plaintiff, Michael McHugh, through counsel as undersigned, hereby certifies that the largest award sought by Plaintiff, including punitive damages and excluding attorneys' fees and costs:

__X__   **does** exceed the limit set by Local Rules for compulsory arbitration. This case is not subject to the Uniform Rules for Arbitration.

____   does not exceed the limit set by Local Rules for compulsory arbitration. This case is subject to the Uniform Rules of Procedure for Arbitration.

DATED this 28th day of MAR, 2013,

/s/ Vanessa Moss
Vanessa C. Moss
Attorney for Plaintiff

-2-

ORIGINAL of the foregoing filed
this 28 day of MAR, 2013, with:

Clerk of the Court
PIMA COUNTY SUPERIOR COURT
110 West Congress
Tucson, Arizona 85701

—3—

 

*Pima County Clerk of Superior Court*
*Tucson, Arizona*

|  |  |
|---|---|
|  | Receipt Number:  1853803 |
| Received for:  MICHAEL MCHUGH | Date:  3/28/2013 |
| Received from:  VANESSA C MOSS ATTORNEY AT LAW | Case Number:  C20131683 |
| Amount Received:  $244.00 | Clerk Number:  2.016 |

Caption:     MICHAEL MCHUGH VS. PIMA COUNTY, ARIZONA ET AL.

Cash: $0.00         Check:  $244.00         Charge: $0.00         ACH: $0.00

*Begin Financial Docket*

Civil Complaint                                                            $244.00     PAID

*End Financial Docket*

Change Returned:   $0.00

Amount Refunded:   $0.00

Page 1 of 1